

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00321-CR

BENNIE MILLER                                                        APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Bennie Miller appeals the trial court's judgment adjudicating his guilt and imposing a fifteen-year prison sentence for indecency with a child. We affirm.

Appellant pleaded guilty to indecency with a child and received a ten-year term of deferred-adjudication probation.[2]   Appellant was placed on the sex

---

[1]See Tex. R. App. P. 47.4.

offender caseload.  The terms and conditions of his community supervision were amended or supplemented three times—by orders filed April 12, 2007, September 10, 2009, and February 24, 2010.  On May 27, 2010, the State filed their first petition to proceed to adjudication which contained three paragraphs alleging violations of Appellant's community supervision.

On July 30, 2010, after receiving admonishments from the court, Appellant pleaded true to paragraphs two and three of the petition.  The State waived the allegation contained in the first paragraph of the petition.  He entered his pleas of true without the benefit of a plea bargain.  The State rested on the pleas of true.  Appellant presented testimony from his wife and his sex offender treatment counselor.  After the conclusion of the evidence and the arguments of counsel, the court found the remaining two allegations to be true.  The court then found Appellant guilty of indecency with a child, and gave both the State and Appellant an opportunity to present evidence on punishment, which was declined.  Appellant was sentenced to fifteen years in prison and advised of his right to appeal.  This appeal followed.

---

[2]Appellant was charged in a two count indictment with aggravated sexual assault of a child and indecency with a child by contact.  The complainant was Appellant's granddaughter.  Appellant pleaded guilty to the second count charging indecency with a child on March 7, 2005, without a plea bargain.  Although there is no reporter's record of the original plea for review, it appears the State waived the first count of the indictment.  While awaiting the preparation of a pre-sentencing report, an agreement was reached between Appellant and the State for ten-years' deferred adjudication on April 25, 2005.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. We gave Appellant the opportunity to file a pro se brief, and he has not filed one. Appellant did write a letter received by this court on March 29, 2011, but in it he raised no issue concerning error by the trial court. Instead, Appellant's letter was a plea for this court to consider his age and multiple medical conditions in making a decision. The State also has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d

684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 22, 2011